■ ROCKLAND DEVELOPMENT ASSOCIATES, Respondent, v RICHLOU AUTO BODY, INC., et al., Defendants, and RICHARD LAGNO, Doing Business as RICHARD'S AUTO BODY and RICHARD'S AUTO BODY, INC., Appellant.—In an action to recover damages for breach of a lease, the appellant Richard Lagno, allegedly doing business as Richard's Auto Body and Richard's

Auto Body, Inc., appeals from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated April 27, 1990, as granted the plaintiff's motion for reargument with respect to that portion of an order of the same court dated March 8, 1990, which dismissed the complaint insofar as it is asserted against Richard's Auto Body and Richard's Auto Body, Inc., and, upon reargument, reinstated the complaint insofar as it is asserted against them.

Ordered that the appeal is dismissed, without costs or disbursements.

The plaintiff leased a building to the defendant Richlou Auto Body, Inc. (hereinafter Richlou) for a 10-year period beginning in 1987 for the operation of an automobile body repair shop. In 1988, the plaintiff commenced the instant action to recover damages for an alleged breach of the lease. The appellant Richard Lagno, president of Richlou, was named individually as a defendant in the complaint, along with two entities named Richard's Auto Body and Richard's Auto Body, Inc. By order dated January 4, 1989, the complaint was dismissed as against Lagno for lack of personal jurisdiction, and no issue is raised on appeal as to the propriety of that ruling. Pursuant to that ruling, by order dated March 8, 1990, the caption was amended to delete Richard Lagno, Richard's Auto Body, and Richard's Auto Body, Inc., as party defendants. However, in an order dated April 27, 1990, the court reinstated the complaint against the defendants Richard's Auto Body and Richard's Auto Body, Inc. It is Lagno's contention that, since the complaint alleged that he was doing business as Richard's Auto Body and Richard's Auto Body, Inc., the complaint should have been dismissed as against these two defendants as well.

Prior to this appeal being heard, the Supreme Court, in a decision and order dated January 3, 1992, dismissed the complaint as to all the defendants except Richlou and directed the parties to settle a judgment on notice. The court thereafter issued an order and judgment, incorrectly labeled an "order," dated January 31, 1992, which granted summary judgment dismissing the action against all defendants except Richlou. This order and judgment was final as to the appellant Lagno and as to all the defendants except Richlou. The appeal at bar therefore must be dismissed, as the right of direct appeal from the intermediate order terminated upon entry of the order and judgment (see, Matter of Aho, 39 NY2d 241, 248). We further note that the appellant is not aggrieved by

the order and judgment *(see,* CPLR 5511). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.